Filed 6/23/26  P. v. Ortiz CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E084366 |
| v. | (Super.Ct.No. FSB060026) |
| ANGEL ORTIZ, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Ronald M. Christianson, Judge.  (Retired judge of the San Bernardino Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Russell S. Babcock, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Arlene A. Sevidal and Randall D. Einhorn, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant Angel Ortiz appeals from the order of the San Bernardino Superior Court denying his Penal Code section 1170, subdivision (d)(1) petition for recall and resentencing.[1]  We will affirm.

## BACKGROUND

The facts leading to defendant's conviction and some details of his sentencing are taken from our opinion issued in his appeal from the judgment (*People v. Ortiz* (Aug. 13, 2009, E046119) [nonpub. opn.] (*Ortiz*)).

In January 2007, defendant, who had just turned 17 years old, went to a house party in Colton.  During the party, some of the attendees went outside and began fighting.  The hostess screamed for somebody to help her, to do something and defendant, who was standing on the porch watching the fight from about 10 feet away, pulled out a handgun and shot two of the men who were fighting, Aly Borecha and Angel Rodriguez.  Rodriquez, who was struck by three bullets, was killed.  Borecha was struck by four bullets and survived.  After the shooting, defendant fled to Mexico but later turned himself in.

A jury found defendant guilty of one count of second degree murder (§ 187, subd. (a), count 1) and one count of unpremeditated attempted murder (§§ 187, subd. (a), 664, count 2).  In connection with both counts, an enhancement for personally and intentionally discharging a firearm and causing great bodily injury or death (§ 12022.53, subd. (d)) was found true.  In June 2008, the trial court sentenced defendant to a total

---

[1] All further statutory references are to the Penal Code.

prison term of 40 years to life, consisting of 15 years to life for the murder plus 25 years to life on the firearm enhancement and a concurrent sentence of seven years for the attempted murder plus 25 years to life on the firearm enhancement.

Defendant appealed the judgment and we affirmed with directions to correct the minute order and abstract of judgment to reflect that the sentences on count 1 and 2 were to be served concurrently.

In March 2024, defendant petitioned the trial court for recall of his sentence pursuant to section 1170, subdivision (d)(1) (hereinafter section 1170(d)(1)) and *People v. Heard* (2022) 83 Cal.App.5th 608 (*Heard*) on the grounds that his sentence was the functional equivalent of a sentence of life without the possibility of parole (LWOP). The trial court denied the petition on the grounds that defendant would be age 57 at the time of his minimum parole eligibility date, which gave him a meaningful opportunity for release and reintegration into society.

**DISCUSSION**

On appeal, defendant argues the trial court abused its discretion when it denied his petition because it misapplied the law regarding what constitutes a functional equivalent of an LWOP sentence. We disagree.

Subdivision (d)(1)(A) of section 1170 provides in relevant part that, if a defendant was under the age of 18 at the time of the commission of the offense and received a LWOP sentence, the defendant may petition the sentencing court for recall and resentencing after the defendant has been incarcerated for at least 15 years. Although by its terms section 1170(d)(1) applies only to juvenile offenders who were sentenced to an

3

explicitly designated LWOP term, the constitutional guarantees of equal protection under the laws require that the provision's resentencing opportunity include juveniles sentenced to the functional equivalent of LWOP. (*Heard*, *supra*, 83 Cal.App.5th at pp. 612, 622.)

The functional equivalent of LWOP is found where the prisoner's release date is so close to or beyond that person's life expectancy such that there is no reasonable or meaningful opportunity for release back into society as an adult. (*People v. Carter* (2018) 26 Cal.App.5th 985, 995; see *People v. Franklin* (2016) 63 Cal.4th 261, 275–276.)

The issue whether a juvenile homicide offender sentenced to a prison term of 50 years to life is entitled to recall and resentencing under section 1170(d)(1) on the grounds that the sentence is the functional equivalent of LWOP is now pending before the California Supreme court in *People v. Munoz* (2025) 110 Cal.App.5th 499, 502–503, review granted June 25, 2025, S290828 [affirmed trial court finding that 50 years to life was not the functional equivalent of LWOP for a juvenile homicide offender who was 15 years old at the time of his crime].

Unless and until the Supreme Court provides guidance in determining at what point a sentence is functionally equivalent to a LWOP, the decisions of courts considering the issue are instructive. For example, in *Carter*, a sentence of 55 years to life imposed on a defendant who was 17 when he committed second degree murder was conceded by the People on appeal and held by the reviewing court to be the functional equivalent of LWOP. (*Carter*, *supra*, 26 Cal.App.5th at p. 988.) In *People v. Gomez*, the People conceded that a term of 75 years to life for a defendant who was 17 years old when he committed murder and attempted murder was the functional equivalent of a LWOP

4

sentence. (*People v. Gomez* (2015) 114 Cal.App.5th 1307, 1310, 1315, fn. 6.) The parties have not cited and we have not found any authority to support defendant's argument that his sentence of 40 years to life is the functional equivalent of a LWOP.

In view of the foregoing, we find the trial court did not abuse its discretion when it found that defendant's sentence did not amount to the functional equivalent of a LWOP sentence because he will be eligible for parole when he is 57 years old, which is a sufficiently young enough age to provide him a meaningful opportunity for release and reintegration into society.

## DISPOSITION

The trial court's order denying defendant's section 1170(d)(1) petition is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.


We concur:

McKINSTER
J.
FIELDS
J.

5